UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

STEVEN RICH ]
    Plaintiff, ]
]
v. ] No. 1:12-0161
] JUDGE HAYNES
WAYNE COUNTY JAIL ]
    Defendant. ]

# MEMORANDUM

Plaintiff, Steven Rich, an inmate at the Wayne County Jail in Waynesboro, Tennessee, filed this action pursuant to 42 U.S.C. § 1983 against the Defendant Wayne County Jail. Plaintiff seeks injunctive relief arising out of his placement in a cell without a toilet or running water. Plaintiff alleges that he remained there for more than twenty four (24) hours before his return to the general jail population.

To establish a claim for § 1983 relief, the Plaintiff must allege that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. A county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). With a liberal construction of this pro se complaint, the Court could construe the Plaintiff's claim against Wayne County, the municipal entity responsible for the operation of the Wayne County Jail. However, for Wayne County to be liable, the Plaintiff would

have to allege that his constitutional rights were violated under a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). Plaintiff's allegation of such a temporary cell assignment does not suggest any county policy or custom. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted.

Where a prisoner fails to state a claim for relief, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

_____
WILLIAM J. HAYNES, JR.
Chief District Judge